# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**Joseph T. Prochazka**                                                                 **Plaintiff**

**v.**                              **No. 4:14-CV–004-JLH-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                      **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Joseph T. Prochazka seeks judicial review of the denial of his application for disability benefits.[3] Prochazka last worked in September 2009 as a long-haul truck driver.[4] The record is ambiguous about why he stopped driving.[5] Whatever the reason, the record shows he stopped working after he was diagnosed with diabetes. Two weeks later, he applied for disability benefits, basing disability on insulin-dependent diabetes, dizziness, headaches, vision problems, and the need for a diabetic diet.[6]

**The Commissioner's decision**. In June 2011, the Commissioner's ALJ denied the application.[7] After Prochazka asked for review, the Commissioner's Appeals Council remanded the case for a second hearing.[8] The ALJ conducted a second hearing,[9]

---

[3]SSA record at p. 119 (alleging disability beginning Sept. 18, 2009).

[4]*Id*. at p. 155.

[5]*Compare id*. at p. 766-67 (testifying that he cannot work as truck driver because he needs insulin) & p. 245 (reporting that he stopped driving because he was diagnosed with diabetes), *with id*. at p. 310 (reporting loss of commercial driver's license due to driving while intoxicated).

[6]*Id*. at p. 155.

[7]*Id*. at p. 31.

[8]*Id*. at p. 66.

[9]*Id*. at p. 719.

obtained updated medical evidence,[10] and issued a second unfavorable decision.[11]

In the second decision, the ALJ identified depressive disorder, status post myocardial infraction with stent placement, diabetes, and hypertension as severe impairments,[12] but determined Prochazka can do some light work.[13] Because a vocational expert identified available work for a person with Prochazka's impairments,[14] the ALJ concluded that Prochazka is not disabled.[15]

Prochazka asked the Appeals Council to review the second decision.[16] After the request was denied,[17] the decision became a final decision for judicial review.[18] Prochazka filed this case to challenge the decision.[19] In reviewing the decision, the court

---

[10]*Id*. at p. 722.

[11]*Id*. at p. 14.

[12]*Id*. at p. 16.

[13]*Id*. at p. 19.

[14]*Id*. at pp. 752-54.

[15]*Id*. at pp. 22-23.

[16]*Id*. at p. 9.

[17]*Id*. at p. 3.

[18]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[19]Docket entry # 1.

must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[20]  This report explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Prochazka's allegations**.  Prochazka challenges the determination that he can do some light work.  He says the ALJ failed to develop the record as to his physical ability to work.  He maintains the ALJ pulled his ability to work out of thin air.  He contends the ALJ failed to properly assess his mental limitations, arguing that the agency mental health expert didn't review 95.36% of the medical evidence.  For these reasons, he contends substantial evidence does not support the ALJ's decision.[21]

**Applicable legal principles**.  For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Prochazka can do some light work.[22]  "Light work involves lifting no more than 20 pounds at a time with

---

[20]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[21]Docket entry # 10.

[22]*See Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citations omitted) ("Substantial evidence exists if 'a reasonable mind would find such evidence adequate.' Substantial evidence is 'less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision.'"); *Britton v. Sullivan*, 908 F.2d 328,

frequent lifting or carrying of objects weighing up to 10 pounds."[23] In this case, the ALJ placed the following limitations on light work: (1) no climbing ladders/ropes/scaffolds; (2) occasional balancing, stooping, kneeling, crouching, and crawling; and (3) simple, routine, repetitive tasks involving simple work-related decisions and few work place changes.[24] The court must determine whether a reasonable mind would accept the evidence as adequate to show Prochazka can work within these parameters.

**Whether Prochazka can work within the ALJ's parameters**. Prochazka claims diabetes prevents him from working; the diagnosis of diabetes triggered the application.[25] Prochazka's allegations are not enough to prove he is disabled; an ALJ's determination about a claimant's ability to work must be supported by medical evidence.[26]

<u>Diabetes</u>. The medical evidence shows Prochazka's diabetes can be controlled with treatment. This point is important to Prochazka's claim because "[a]n impairment

---

330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[23]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[24]SSA record at p. 19.

[25]*Id*. at p. 287 (diagnosing adult onset diabetes).

[26]42 U.S.C. § 423 (d)(5(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. §§ 404.1508 & 416.908.

which can be controlled by treatment or medication is not considered disabling."[27] Prochazka's doctors prescribed medication, instructed him to follow a diabetic diet, and advised him to exercise and to stop smoking.[28]

The medical evidence shows Prochazka does not comply with prescribed treatment. This point is important to Prochazka's claim because, in order to receive disability benefits, a clamant must follow treatment prescribed by his doctor if the treatment can restore the claimant's ability to work.[29] "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits."[30]

Treating diabetes involves careful monitoring of blood sugar, changes in diet, exercise, and medication.[31] For much of the time for which benefits were denied, Prochazka did not comply with prescribed treatment.[32] He did not regularly monitor

---

[27]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[28]SSA record at pp. 235, 286-87 & 299.

[29]20 C.F.R. § 404.1530.

[30]*Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995).

[31]Altha Roberts Edgren & Ken R. Wells, 2 The Gale Encyclopedia of Med. 1349-51 (4th ed.).

[32]*See* SSA record at p. 299 (Oct. 1, 2009, he's trying to watch his diet, but he isn't exercising); p. 246 (Dec. 7, 2009, he knows alcohol increases his blood sugar level, but can't refrain from drinking, he drinks 12 beers each night); p. 295 (Jan. 19, 2010, he isn't really following his diet and therefore his sugars are high); p. 293 (Feb. 2, 2010, he

his blood sugar level. He did not follow a diabetic diet. He did not exercise. He did not take medication as prescribed. He continued to smoke and drink alcohol against repeated medical advice. When he followed medical advice, he did "a better job of controlling his diabetes."[33]

Lack of financial resources sometimes justifies the failure to seek medical attention or to follow prescribed treatment,[34] but not where a claimant fails to pursue available care or spends what money he has on alcohol or tobacco.[35] Prochaza received free insulin from his primary care physician until he had a disagreement with the physician.[36] He wants to be on disability so the government will pay for his insulin.[37]

---

doesn't check his blood sugar regularly); p. 492 (Apr. 26, 2010, admitted to restart hypertension medication); p. 479 (June 21, 2010, he drank one liter of wine before onset of abdominal pain, smoking a pack per day); p. 380 (June 29, 2010, reporting binge drinking); pp. 353 & 356 (Nov. 19, 2010, still drinking and smoking, not following diabetic diet); p. 444 (Dec. 17, 2011, no diabetes medication for over two weeks); p. 570 (Dec. 19, 2011, admitting he stopped taking diabetic medication because he is tired of having to watch what he eats); p. 437 (Mar. 18, 2012 (no insulin for one month); p. 427 (Apr. 3, 2012 (diabetic symptoms exacerbated by non-compliance, he wants to be on welfare so the government will pay for his insulin); p. 534 (Apr. 9, 2012, claiming depression prevents him from exercising) & p. 708 (Nov. 15, 2012, doesn't check blood sugar regularly).

[33]*Id*. at p. 543.

[34]*Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

[35]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).

[36]SSA record at p. 427.

[37]*Id*.

After being told about a free medical clinic,[38] he waited weeks before presenting to the clinic.[39] By then he taken no medication for two months. He failed to attend a speciality appointment arranged by the free clinic.[40] A reasonable mind would accept the evidence about diabetes as adequate to show diabetes does not prevent Prochazka from doing some light work.

Hypertension. When Prochazka was diagnosed with diabetes, he was also diagnosed with hypertension. Hypertension is a risk factor for developing diabetes.[41] Like with diabetes, Prochazka did not consistently comply with prescribed treatment. His failure to follow prescribed treatment weighs against his claim, while suggesting his symptoms are not as severe as he alleges. A reasonable mind would accept the evidence as adequate to show hypertension does not prevent Prochazka from doing some light work.

Heart attack. Prochazka has a history of heavy drinking, cocaine use, and methamphetamine use; he has smoked cigarettes for over 30 years.[42] Excessive alcohol

---

[38]*Id*. at p. 439. *See also id*. at p. 431.

[39]*Id*. at p. 537.

[40]*Id*. at p. 707 (reporting on Nov. 8, 2012 that he did not see UAMS hematologist as scheduled).

[41]Altha Roberts Edgren & Ken R. Wells, 2 The Gale Encyclopedia of Med. 1348 (4th ed.).

[42]SSA record at pp. 245, 307, 353, 380 & 542.

use, cocaine, and methamphetamine "can seriously harm the heart and cause a fatal heart attack."[43]  "Smokers are more than twice as likely to have a heart attack and have two to four times the risk of non-smokers of sudden cardiac death."[44]

Shortly after he was diagnosed with diabetes, Prochazka had a heart attack.[45]  A stent was placed in a blocked artery.[46]  Since that time, Prochazka has experienced no cardiac complications.  The volume of blood pumped from the left ventricle is normal.[47]  Prochakza no longer uses cocaine or methamphetamine, but he still drinks alcohol and smokes against medical advice.[48]  A reasonable mind would accept the evidence as adequate to show the heart attack did not prevent Prochazka from doing light work because his heart has a normal blood flow, he has experienced no complications, and he hasn't complied with prescribed treatment.

Hepatitis C.  Prochazka has had Hepatitis C for 15 years.[49]  "Hepatitis C infection

---

[43]Tish Davidson, 3 The Gale Encyclopedia of Med. 1994 (4th ed.).

[44]*Id*. at p. 1989.

[45]SSA record at p. 272.

[46]*Id*. at p. 271.

[47]*Id*. at pp. 283 & 356.

[48]*Id*. at p. 356 ("He has been instructed to stop drinking alcohol.") & p. 321 ("Quit smoking.").

[49]*Id*. at pp. 353 & 647.

is an inflammatory disease of the liver caused by the hepatitis C virus…."[50]  Cocaine and methamphetamine use are risk factors for Hepatitis C.  Despite having Hepatitis C for many years, Prochazka has never undergone treatment for Hepatitis C.  A November 2012 lab test shows Prochazka's Hepatitis C is now active,[51] but the test has no bearing on this case, because the test falls outside the time period for which benefits were denied.[52]  A reasonable mind would accept the evidence as adequate to show Hepatitis C did not prevent Prochazka from doing some light work because he required no treatment.

Prochazka maintains the ALJ pulled the determination about his physical ability to work out of thin air, but the medical evidence speaks for itself.  The medical evidence establishes medical diagnoses and prescribed treatment for diabetes, hypertension, and Hepatitis C.  The evidence shows Prochazka's conditions can be controlled with prescribed treatment, but Prochazka hasn't complied with prescribed treatment.

<u>Mental impairment</u>.  Prochazka complains about the ALJ's evaluation of mental impairment, but there's no indication the ALJ erred in determining Prochazka's mental

---

[50]Rebecca J. Frey, 3 The Gale Encyclopedia of Med. 2083 (4th ed.).

[51]SSA record at p. 708.

[52]*Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) (evidence must relate to claimant's condition for time period for which benefits were denied).

ability to work. The ALJ responded to Prochazka's complaint of depression[53] by ordering a mental diagnostic evaluation. When asked about the basis of his claim, Prochazka attributed disability to physical problems, not mental health.[54] The mental health examiner diagnosed alcohol dependence and amphetamine dependence in early full remission.[55] After reviewing the examiner's report — the only evidence relating to mental health — the agency mental health experts characterized Prochazka's mental impairment as non-severe.[56] Prochazka suggests subsequent evidence shows he cannot work, but it doesn't show that.

The subsequent evidence consists of the following:

(1) March 2010 intake interview with a mental health provider. Prochazka complained about sadness, anxiety, and dissatisfaction with his life. He related a history of alcohol, methamphetamine, and crack cocaine use; outstanding warrants for traffic violations; losing his commercial truck driver's license due to driving while intoxicated; and difficulty adjusting to a diabetic diet. The intake counselor diagnosed depressive disorder, nicotine dependence, and polysubstance abuse in early remission, and recommended supportive therapy.[57]

(2) June 2010 individual therapy session. The therapist discussed the consequences of pessimistic, self-defeating thinking. Prochazka denied an

---

[53]SSA record at p. 139.

[54]*Id.* at p. 244.

[55]*Id.* at p. 246.

[56]*Id.* at pp. 261 & 302.

[57]*Id.* at pp. 306-10.

intent to harm himself.[58]

(3) June 2010 emergency room (ER) visit after drinking, arguing with his wife, and taking anti-anxiety pills.[59] He complained that his application for disability benefits was denied and that he could not see a way out of his circumstances.[60] The hospital offered detoxication, but Prochazka declined.[61]

(4) Two individual therapy session in July 2010. The therapist noted that Prochazka continued to find reasons not to attend therapy sessions.[62]

(5) December 2011 ER visit for depression. Prochazka attributed his depression to being unable to drive a truck due to insulin dependence. A one-day hospitalization was recommended and authorized, but Prochazka was unwilling to stay.[63]

(6) March 2012 individual therapy session. Prochazka stated that he feared dying from his health problems and still had a hard time accepting the inability to work.[64]

(7) April 2012 individual therapy session. Prochazka said that he doesn't go anywhere, partially because of legal problems. He claimed depression prevents him from exercising.[65]

---

[58]*Id.* at p. 304.

[59]*Id.* at p. 379.

[60]*Id.* at p. 471.

[61]*Id.* at p. 381.

[62]*Id.* at p. 374-75.

[63]*Id.* at p. 570.

[64]*Id.* at p. 532.

[65]*Id.* at p. 534.

The subsequent evidence reflects no disabling symptoms.  Instead, it shows depressive symptoms flow from unemployment and alcohol use.  Prochazka consistently laments about the inability to work as a long-haul truck driver, and likely needs vocational rehabilitation to transfer to other work, but he has not shown that depression prevents him from doing other work.  A reasonable mind would accept the subsequent evidence as adequate to support the ALJ's characterization of depressive disorder as a severe impairment and to support the ALJ's mental limitations on work.

<u>Vocational evidence</u>.  The ALJ asked a vocational expert about light work for a person with Prochazka's limitations.  The vocational expert identified production type work like assembly of small products and poultry processors like eviscerators, de-boners, dressers, and killers.[66]  The vocational expert's response shows work exists that Prochazka can do.  Even if the ALJ over-stated Prochakza'a ability to work, the vocational expert also identified available sedentary work.[67]  Prochazka can do sedentary work.  A reasonable mind would accept the vocational evidence as adequate to show that work exists that Prochazka can do.[68]

---

[66]*Id*. at pp. 752-53.

[67]*Id*. at pp. 753-54 (identifying final assembler of optical products like lens inserter and machine tenders like eyeglass frame polisher, and  zipper machine operator).

[68]*Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that

<u>The record as a whole shows work exists that Prochazka can do</u>. Prochakza admitted to quitting his medication to gain attention for his circumstances.[69] He is frustrated by his inability to work as a long-haul truck driver, but it takes more than the inability to perform one's past work to receive disability benefits.[70] The law considers a person disabled if his physical and/or mental impairments prevent him for doing any kind of substantial gainful activity existing in significant numbers in the national economy, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[71] Treatment records reflect no impairment preventing Prochazka from occasionally lifting 20 pounds or frequently lifting and carrying 10 pounds. The ALJ's limitations on physical work account to periodic exacerbations of symptoms. The requirement for simple, routine, repetitive tasks involving simple work-related decisions and few work place changes accommodates depressive symptoms.

**Recommended Disposition**

---

accounts for all of the claimant's proven impairments.").

[69]SSA record at pp. 427, 570 & 615.

[70]*Accord Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) (finding ample evidence supporting medical examiner's observation that claimant presented a poor-me attitude and the feeling that disability is his only answer; medical providers noted that the claimant would not commit to prescribed treatment).

[71]42 U.S.C. § 1382c(a)(3)(B).

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Prochazka's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 10th day of October 2014.

_____
United States Magistrate Judge